## City of Carlyle v. William Cosgrove.

1. ASSUMED RISK—*when omission in instructions as to, not error.* The failure of the court, who by stipulation has prepared the instructions, specifically to direct the attention of the jury to the fact of knowledge on the part of the plaintiff of the defective condition of a railing prior to the time of the injury complained of, is not error.

Action on the case for personal injuries. Appeal from the Circuit Court of Clinton County; the Hon. WILLIAM M. FARMER, Judge, presiding. Heard in this court at the August term, 1905. Affirmed. Opinion filed March 22, 1906.

P. W. BROWN, City Attorney, for appellant; THOMAS E. FORD, of counsel.

MURRAY & MURRAY, for appellee.

MR. JUSTICE HIGBEE delivered the opinion of the court.

The plaintiff in this suit, William Cosgrove, brought suit against the city of Carlyle for injuries sustained by him in falling off a bridge, built and maintained by the city over a ravine, on one of its public streets. The usual pleadings in such case were filed. There was a trial by jury, a verdict in favor of plaintiff for $300 and judgment for that amount.

Washington street, upon which the bridge was located, runs east and west, and appellee lived east of the bridge. On July 6, 1903, appellee, who was then some seventy-five years of age, was watering his cows at a well east of the bridge, when one of them got away from him and went over the bridge. He went over the bridge after her and, on his way back with the cow, placed his hand upon a rotten railing or banister on one side of the bridge, which gave way with him, permitting him to fall off the bridge, and thereby received quite serious injuries.

Appellant claims that the verdict is not supported by the evidence and that the court erred in giving instructions. By a very decided preponderance of the evidence, it appeared that the defective railing had been out of repair and in a dangerous condition for a considerable time, probably a month prior to the time appellee was injured. Whether the city was guilty of negligence in failing to learn of and repair the defective railing, whether the defect caused the injury to appellee and whether appellee was at the time of his injury in the exercise of ordinary care for his own safety, were all questions of fact for the jury and a pre-

City of Carlyle v. Cosgrove.

ponderance of the evidence appears to have supported their verdict.

It appears from the record that instructions were not offered in this case by counsel for the respective parties, but that at the close of the evidence counsel joined in a request that the court instruct the jury, and in pursuance of such request the court prepared and gave the instructions in writing. The instructions are claimed by appellant to be faulty, because they neglected to call the jury's attention to the effect of knowledge on the part of the plaintiff of the defective condition of the railing prior to the time of the injury, in case the evidence disclosed that he had such knowledge.

The court did instruct the jury that if they believed from the evidence the plaintiff was guilty of negligence at the time he received his injuries and that such negligence caused or contributed to his injury, then he could not recover, and also that the city was not an insurer of the perfect safety of the condition of its streets, but was only required to use reasonable care to keep them reasonably safe for persons traveling over them in the exercise of reasonable care for their own safety. Knowledge of the defect in the railing of the bridge was simply a circumstance to be considered by the jury in determining whether appellee was, at the time he was injured, using ordinary care for his own safety. The instructions given covered this subject sufficiently, and it is no just ground of complaint that the court did not call special attention in the instructions to the question whether appellee had previous knowledge of the defect. City of Bloomington v. Chamberlain, 104 Ill. 268.

The judgment of the court below will be affirmed.

*Affirmed.*